[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals

## For the First Circuit

---

No. 00-2531

MICHAEL LANZA,

Petitioner, Appellant,

v.

UNITED STATES,

Respondent, Appellee.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

---

Before

Boudin, Chief Judge,
Selya and Lipez, Circuit Judges.

---

Michael Lanza on brief pro se.
Gretchen Leah Witt, United States Attorney, and Peter E. Papps, First Assistant U.S. Attorney, on Motion for Summary Disposition for appellee.

---

November 28, 2001

---

**Per Curiam**. After a thorough review of the record and of the parties' submissions, we affirm.

Appellant Michael Lanza ("Lanza") was convicted of one count of conspiracy, in violation of 18 U.S.C. § 371, and four counts of interstate transportation of stolen property, in violation of 18 U.S.C. §§ 2314 and 2. The stolen property included, inter alia, a quantity of pharmaceuticals equivalent to 1,368.66 kilograms of marijuana. Lanza appeals from the district court's denial of his petition filed pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of counsel at sentencing. Lanza asserts that his attorney performed deficiently by (1) failing to assert more vigorously that Lanza intended to consume rather than sell the stolen drugs, and (2) failing to argue that Lanza was entitled, pursuant to U.S.S.G. § 5G1.3(b), to full credit on his federal sentence for the time he had served in state prison on an undischarged sentence for drug trafficking.

We find ample support in the record for the inference that Lanza did intend to sell at least a large portion of the stolen drugs, and Lanza has not produced or offered any evidence to support his assertion that all the drugs were intended for personal use. Accordingly, we think

that the offense level was appropriately determined by applying U.S.S.G. § 2D1.1 pursuant to the cross-reference in U.S.S.G. § 2B1.1(c)(1)(B). Moreover, given that counsel would have had to establish that petitioner consumed or intended to consume the equivalent of more than 368.66 kilograms of marijuana to make any difference in the offense level under § 2D1.1, compare U.S.S.G. §§ 2D1.1(c)(4) & (c)(5), we do not think counsel's failure to aggressively seek a reduction in the attributable drug weight at the plea negotiation stage was unreasonable, particularly in light of the fact that he later sought a downward departure based on personal use.

Further, we think there is sufficient evidence in the record to justify application of § 2D1.1 even without considering Lanza's state court drug trafficking conviction. Accordingly, Lanza was not prejudiced by his counsel's failure to argue for full credit for the undischarged state drug sentence pursuant to U.S.S.G. § 5G1.3(b). See Strickland v. Washington, 466 U.S. 668, 687 (1984); United States v. Caraballo, 200 F.3d 20, 28-29 (1st Cir. 1999).

Finally, to the extent Lanza claims that his counsel was ineffective for failing to file a direct appeal on his behalf, his challenge is based on his disagreement

with his attorney's assessment of the issues. Since Lanza does not dispute that his attorney consulted with him concerning the potential for an appeal, and does not contend that he ever instructed counsel to file a notice of appeal, defense counsel's failure to appeal was not constitutionally deficient. See Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000).

Affirmed. See Loc. R. 27(c).